**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

UNUM INSURANCE COMPANY OF AMERICA,

Plaintiff,

v. Case No. 09-10045

SHERYL GARY, PERSONAL REPRESENTATIVE OF THE ESTATE OF ROSE ANN COBB and MARK COBB, PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID I. COBB,

Defendants.
_________________________________________/

**OPINION AND ORDER GRANTING DEFENDANT SHERYL GARY'S MOTION FOR SUMMARY JUDGMENT**

Pending before the court is a motion for summary judgment filed by Defendant Sheryl Gary, Personal Representative of the Estate of Rose Ann Cobb, on July 15, 2009, against Defendant Mark Cobb, Personal Representative of the Estate of David I. Cobb. On January 7, 2009, Plaintiff Unum Insurance Company of America initiated this interpleader action against Defendant Sheryl Gary, Personal Representative of the Estate of Rose Ann Cobb, and Defendant Mark Cobb, Personal Representative of the Estate of David I. Cobb. On June 11, 2009, the court granted Plaintiff's motion to deposit funds and subsequently dismissed Plaintiff from the case. The matter before the court is now briefed, and the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant Gary's motion.

## I. BACKGROUND

This case arises out of allegations that David I. Cobb, a former police offer, hired Vincent Smothers to kill David Cobb's wife, Rose Ann Cobb, for $10,000. Rose Ann Cobb died on December 26, 2007 of multiple gunshot wounds. (Compl. ¶ 7.) Rose Ann named her husband David as the beneficiary on her life insurance ("Life Insurance") and accidental death and disability insurance (AD&D Insurance). (*Id.* ¶ 8.) David applied for the insurance proceeds following his wife's death. (*Id.* ¶ 9.) Plaintiff Unum Insurance Company of America ("Unum") investigated Rose Ann's death and found that David was a suspect in what had been ruled a homicide. (*Id.* ¶ 10.) On or about September 26, 2008, David died, apparently as the result of suicide. (*Id.* ¶ 11.)

Defendant Sheryl Gary is the Personal Representative of the Estate of Rose Ann Cobb, and Gary applied on behalf of the Estate of Rose Ann Cobb to receive the insurance proceeds. (*Id.* ¶ 12.) Defendant Mark Cobb is the Personal Representative of the Estate of David I. Cobb, and Mark applied on behalf of the Estate of David I. Cobb to receive the insurance proceeds. (*Id.* ¶ 13.)

On January 7, 2009, Unum filed this action for interpleader, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*., against Gary and Mark Cobb because each claims that the estate he or she represents is entitled to the full amount of the insurance proceeds. (Compl*.* ¶¶ 15-16.) Plaintiff requested that the court determine which estate is entitled to the insurance proceeds. (*Id.* ¶ 17.) On June 11, 2009, the court granted Plaintiff's motion to deposit funds and subsequently dismissed Plaintiff from the case. On July 15, 2009, Gary filed a motion for summary judgment. In her motion, Gary argues that a Wayne County Probate Court

entered an Order for Forfeiture of Spousal Rights and an Order to Determine Heirs and for Formal Declaration of Intestacy ("Forfeiture Orders") on March 18, 2009. (Gary Mot. ¶ 6.) The Forfeiture Orders provided that the "Estate of David I. Cobb is not entitled to receive any benefit, payment, or proceeds of any kind by reason of an agreement or contract where David I. Cobb was to be paid or receive benefits at the death of Rose Ann Cobb." (Gary Mot. Ex. 7 ¶ 6.) Gary argues that, as a result of the state court Forfeiture Orders, the Estate of David I. Cobb cannot receive any insurance proceeds relating to the death of Rose Ann, and that therefore the court should award the insurance proceeds to the Estate of Rose Ann Cobb.

Gary had initially filed a Petition for Determination of Forfeiture of Spousal Rights and Petition for Determination of Heirs and for Formal Declaration of Intestacy, and the probate court scheduled a hearing on the petitions for March 4, 2009. (Gary Mot. ¶¶ 2-3.) Gary argues that Mark Cobb was provided with proper notice of the hearing, and Mark Cobb failed to appear for the March 4, 2009 hearing (*Id.* ¶ 3); however, Mark avers that Gary did not comply with the procedural requirements under the Michigan Court Rules, and that therefore the matter was not litigated on the merits such that res judicata should bar his instant claim. (Cobb Resp. at 8.) When Mark received notice of the proposed orders he filed objections to them, but because the objections did not conform to state court rules, the state probate court denied them and entered the Forfeiture Orders on March 18, 2009.

On March 27, 2009, Mark Cobb filed two petitions to set aside the Forfeiture Orders. (Gary Mot. Exs. 9-10.) On April 16, 2009, Gary filed responses to Mark's

petitions (Gary Mot. Exs. 13-14), and on April 29, 2009, the Wayne County Probate Court held a hearing on Mark's petitions and denied them.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212

F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 (emphasis and alteration in original) (citation omitted) ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## III. DISCUSSION

In her motion, Defendant Gary argues that the court should bar Defendant Cobb's claim for the insurance proceeds and award them to her, as the personal representative of the Estate of Rose Ann Cobb, under the doctrine of res judicata because the Wayne County Probate Court's determination of forfeiture of David Cobb's rights under Michigan's so-called "slayer statute," Mich. Comp. Laws § 700.2803[1]

---

[1] The relevant portions of the statute state:

> (1) An individual who feloniously and intentionally kills the decedent forfeits all benefits under this article with respect to the decedent's estate, and . . .
>
> (5) [a] killer's wrongful acquisition of property or interest not covered by

forbids David Cobb's estate from recovering any such proceeds. In response, Defendant Mark Cobb primarily argues that the matter was not litigated on the merits in the probate court, and therefore res judicata should not bar his present claim for the insurance proceeds.

The full faith and credit statute provides that "judicial proceedings of any court of any such State, Territory or Possession . . . . shall have the same full faith and credit in every court within the United States." 28 U.S.C. § 1738. This requires a federal court to give a state court decision the same *res judicata* effect that another state court in the same state would give to that state court decision. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

Under Michigan law, "[r]es judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Dart v. Dart,* 597 N.W.2d 82, 88 (Mich. 1999) (citing *Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz,* 521 N.W.2d 847 (Mich. Ct. App. 1994)). Under the doctrine of res judicata, the subsequent action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions

---

> this section shall be treated in accordance with the principle that a killer cannot profit from his or her wrong.
>
> (6) . . . In the absence of a conviction, the court, upon the petition of an interested person, shall determine whether, under the preponderance of evidence standard, the individual would be found criminally accountable for the felonious and intentional killing of the decedent. If the court determines that, under that standard, the individual would be found criminally accountable for the felonious and intentional killing of the decedent, the determination conclusively establishes that individual as the decedent's killer for purposes of this section.

Mich. Comp. Laws § 700.2803.

involve the same parties or their privies. *Id.* (citation omitted). Similarly, for collateral estoppel to bar litigation, "three elements must be satisfied: (1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.'" *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-846 (Mich. 2004) (quoting *Storey v. Meijer, Inc.*, 429 N.W.2d 169, 171 n.3 (1988)); *Senior Accountants, Analysts and Appraisers Ass'n v. City of Detroit*, 249 N.W.2d 121, 125 (Mich. 1976) ("Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between parties in a subsequent action on a different cause of action."). Collateral estoppel is one form of the doctrine of res judicata, and one Michigan court described the difference between the two as:

> Res judicata bars further action after an original cause of action between two parties goes to judgment. When the subsequent action is based on a new cause of action, the prior litigation is conclusive only as to issues [a]ctually litigated. This is the doctrine of collateral estoppel.

*Sahn v. Brisson's Estate*, 204 N.W.2d 692, 694 (Mich Ct. App. 1972).

In the instant case, Defendant Gary argues that a Michigan state probate court determined by a preponderance of the evidence that David Cobb was responsible for his wife Rose Cobb's death. (Gary Mot. Ex. 7 ¶ 1 ("David, I. Cobb, under the preponderance of evidence standard is accountable for the killing of Rose Ann Cobb; being criminally accountable for the felonious and intentional killing of his wife.").) As a result of this finding, the probate court further ordered that "[t]he Estate of David I. Cobb is not entitled to receive or inherit any benefit or property by reason of the death of Rose Ann Cobb," and that "[t]he Estate of David I. Cobb is not entitled to receive any benefit,

payment or proceeds of any kind as the beneficiary or the person designated to receive such payment on policy-policies of life insurance." (Gary Mot. Ex. 7 ¶¶ 2, 5.)

Nonetheless, David Cobb argues in his brief that res judicata should not bar his pending claim for insurance proceeds because (1) the Forfeiture Orders were entered as default judgments which mean that the issues were not litigated on the merits, (2) Gary did not follow certain Michigan state procedural rules, and (2) the state probate court entered the default judgment on the basis of inadmissible hearsay evidence. (Cobb Resp. at 13-15.)

Because this action was brought as an interpleader action for disbursement of insurance proceeds, and the earlier case litigated between the parties involved a probate proceeding for determination of spousal rights, the court finds that it is more appropriate to analyze this matter in terms of collateral estoppel. The decision of the probate court satisfies the requirements for collateral estoppel. First, in both this case and the state probate matter, an essential issue was whether David Cobb was found responsible for his wife's death by a preponderance of the evidence such that he or his estate was prohibited from recovering any insurance proceeds that were paid as a result of his wife's death. *See Monat*, 677 N.W.2d at 845-46 (quoting *Storey*, 429 N.W.2d at 171 n.3). Neither party disputes that this requirement for the application of collateral estoppel is met.

Second, the "'same parties must have had a full [and fair] opportunity to litigate the issue.'" *Monat*, 677 N.W.2d at 845-46 (quoting *Storey*, 429 N.W.2d at 171 n.3). Both Defendants Gary and Mark Cobb were parties to the probate court action and the instant action. In addition, pursuant to Michigan law, default judgments satisfy the

requirement that an issue be "actually litigated." *See Monat*, 677 N.W.2d at 845-46 (quoting *Storey*, 429 N.W.2d at 171 n.3). "Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding. *Detroit v. Qualls,* 454 N.W.2d 374, 382 (Mich. 1990). A default judgment will "'be given collateral estoppel effect in a subsequent suit between the parties arising out of the same transaction or occurrence,'" *Braxton v. Litchalk*, 223 N.W.2d 316, 319 (Mich. Ct. App. 1974) (quoting, 204 N.W.2d at 694), "because the entry of a default judgment is equivalent to an admission by the defaulting party to all the matters well pleaded," *Heaner v. West*, No. 203474, 1998 WL 1991764, at *1 (Mich. Ct. App. May 19, 1998) (citing *Sahn*, 204 N.W.2d at 694). Contrary to the assertion of Mark Cobb, the default judgment resulting in the entry of the Forfeiture Orders does not bar the application of collateral estoppel because default judgments satisfy the requirement that an issue be litigated.

Third, neither party disputes the existence of the third requirement for collateral estoppel: mutuality of estoppel. "Mutuality of estoppel requires that a party invoking collateral estoppel was a party, or in privity to a party, in the prior action, and would have been bound by it had it gone the other way." *Scott v. Frank Haron Wiener & Narvarro*, No. 286833, 2009 WL 2515746, at *5 (Mich. Ct. App. Aug. 18, 2009) (citing *Monat* , 677 N.W.2d at 846). Both Gary and Mark were parties to the prior action, and Gary would also be bound had judgment been for Mark. *See id.*

Mark Cobb's final arguments for not applying the doctrine of collateral estoppel to this matter are that Gary failed to follow certain state procedural rules and that the state

probate court heard inadmissible hearsay evidence. (Cobb Resp. at 13-15.) Mark cites no legal authority or other support for an exception to the doctrine of collateral estoppel. Indeed, § 1738 requires a federal court to give a state court decision res judicata effect under state law, even if the federal court were to find the state court decision mistaken. *See Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 525 (1986) ("Challenges to the correctness of a state court's determination as to the conclusive effect of a federal judgment must be pursued by way of appeal through the state-court system and certiorari from this Court."); *see also San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 348 (2005) (Rehnquist, C.J. concurring).

Furthermore, under Michigan law, res judicata applies "not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Dubuc v. Green Oak Tp.,* 117 F. Supp. 2d 610, 622 (E.D. Mich. 2000) (citing *VanderWall v. Midkiff,* 463 N.W.2d 219 (Mich. Ct. App. 1990)); *see also Schwartz v. City of Flint*, 466 N.W.2d 357, 359 (Mich. Ct. App. 1991) ("The doctrine of res judicata is a manifestation of the recognition that interminable litigation leads to vexation, confusion, and chaos for the litigants, resulting in the inefficient use of judicial time.") (citing *Rogers v. Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 275 N.W.2d 499 (Mich. 1979); *Sherrell v. Bugaski,* 425 N.W.2d 707 (Mich. Ct. App. 1988)). By raising his procedural and evidentiary arguments now, Mark attempts to relitigate an issue already decided by the state probate court; however, he is simply not entitled to maintain arguments now in federal court that he should have raised in the state court or

have raised on appeal from the state court. The Supreme Court has "stressed that '[t]he doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts . . . ." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (quoting *Hart Steel Co. v. Railroad Supply Co*., 244 U.S. 294, 299 (1917)).

Accordingly, the court finds that the doctrine of collateral estoppel bars it from reconsidering the issue already determined by the state probate court by a preponderance of the evidence: that David I. Cobb was responsible for his wife Rose Ann Cobb's death such that neither he nor his estate can recover insurance proceeds from the death of Rose Ann. (Gary Mot. Ex. 7 ¶¶ 2, 5 ("The Estate of David I. Cobb is not entitled to receive or inherit any benefit or property by reason of the death of Rose Ann Cobb. . . . The Estate of David I. Cobb is not entitled to receive any benefit, payment or proceeds of any kind as the beneficiary or the person designated to receive such payment on policy-policies of life insurance.").) As a result, Defendant Mark Cobb, personal representative of the Estate of David I. Cobb is not entitled to any of the insurance proceeds put on deposit with the court by Plaintiff Unum, Defendant Sheryl Gary's motion for summary judgment will be granted, and the funds will be awarded to Defendant Sheryl Gary, personal representative of the Estate of Rose Ann Cobb.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant Sheryl Gary's motion for summary judgment [Dkt. # 19] is GRANTED.

IT IS FURTHER ORDERED that counsel for Defendant Sheryl Gary submit a proposed order, in accord with the Eastern District of Michigan Local Rules, for disbursement of the relevant funds deposited with the court by Plaintiff Unum Insurance Company of America.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 27, 2009, by electronic and/or ordinary mail.

S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522